**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| VISTEON GLOBAL TECHNOLOGIES, INC. and VISTEON TECHNOLOGIES, LLC, | Civil Action No. |
| Plaintiffs, | Hon. |
| v. | DEMAND FOR JURY TRIAL |
| MITAC INTERNATIONAL CORPORATION, and MITAC DIGITAL CORPORATION, | |
| Defendants. | |

**COMPLAINT
AND DEMAND FOR JURY TRIAL**

Plaintiffs Visteon Global Technologies, Inc. and Visteon Technologies, LLC, by and through counsel, for their Complaint against Defendant MiTAC International Corporation and Defendant MiTAC Digital Corporation (collectively hereinafter referred to as "Defendants" or "MiTAC"), allege on knowledge as to their actions, and upon information and belief as to the actions of others, as follows:

**THE PARTIES**

1.  Plaintiff Visteon Global Technologies, Inc. (hereinafter referred to as "VGTI") is a Michigan corporation with its principal place of business in Van Buren Township, Michigan. Plaintiff Visteon Technologies, LLC (hereinafter referred to as "VT, LLC") is a Delaware company with its principal place of business in Van Buren Township, Michigan. VGTI and VT, LLC are the owners by assignment of patents covering innovative technologies related to navigation. The patented technologies concern fundamental and advanced aspects of modern

navigation systems, particularly those utilizing the Global Positioning System ("GPS"). These technologies represent significant advances in the field of navigation that allow for, among other things, the calculation of an optimal path to a particular destination, the previewing of the optimal path before departing, the display of icons representing the current direction of travel and upcoming turns, and searching for points of interest, and the maintenance of a history of destinations selected by a user.

2.      Plaintiffs VGTI and VT, LLC, and other Visteon entities (collectively, the "Debtors"), are debtors in Chapter 11 cases (the "Bankruptcy Cases") pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), which are jointly administered under Case No. 09-11786 (CSS). The Bankruptcy Court has approved the Debtors' retention of Alston & Bird LLP to represent the Debtors in connection with the enforcement of Plaintiffs' GPS Patent Portfolio.  *See* Exhibit A attached hereto, Order Authorizing The Employment And Retention Of Alston & Bird LLP As Special Litigation Counsel To The Debtors. The automatic stay issued as a result of the commencement of the Debtors' Bankruptcy Cases, pursuant to 11 U.S.C. § 362, is inapplicable to the instant action because it is an action by, and not against, the Debtors.

3.      Defendant MiTAC International Corporation is a corporation of Taiwan and is headquartered at No. 1, Yuan-Far 2nd Rd., Hsinchu Science Park, Hsinchu County, Taiwan (R.O.C.).  Defendant MiTAC Digital Corporation is a privately held, wholly-owned subsidiary of MiTAC International Corporation.  MiTAC Digital Corporation is a California corporation and is headquartered at 471 El Camino Real, Santa Clara, California, 95050.  MiTAC International Corporation and MiTAC Digital Corporation (hereinafter collectively referred to as "MiTAC") produce, manufacture and distribute Magellan and Mio brand navigation systems.

## JURISDICTION AND VENUE

4. This action arises under the Patent Act, Title 35 of the United States Code, and is an action for patent infringement under § 271.

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over the Defendants under the provisions of Michigan Compiled Laws § 600.711 and consistent with the underlying due process principles of the U.S. Constitution. Upon information and belief, MiTAC is doing business in this State and District, has significant contacts in this State and District, has offered for sale and sold infringing products in this State and District, has purposely shipped or caused to be shipped infringing products into this State and District through established distribution channels, and/or has committed acts in this State and District that are the subject of the counts set forth herein.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## CLAIM I – INFRINGEMENT OF U.S. PAT. NO. 5,544,060

8. The allegations contained in Paragraphs 1 through 7 above are incorporated herein by reference.

9. On August 6, 1996, the United States Patent Office duly and lawfully issued United States Patent No. 5,544,060 entitled "Vehicle Mounted Navigation System with Preview Function" (hereinafter referred to as "the '060 Patent"). VGTI is the lawful owner of all right, title, and interest in and to the '060 Patent, including the right to sue for and recover for infringement thereof. The term of the '060 Patent has not expired. A true and correct copy of the '060 Patent is attached hereto as Exhibit B.

10. MiTAC has made, used, offered to sell, sold, and/or imported into the United States navigation systems embodying the patented invention, including at least the Maestro Series: 3100, 3140, 3200, 3210, 3220, 3225, 3250, 4000, 4040, 4050, 4200, 4210, 4220, 4250, 4350, 4370, 4700 and 5310; the RoadMate Series: 1200, 1210, 1212, 1220, 1340, 1400, 1412, 1420, 1424, 1430, 1440, 1445T, 1470, 1475T, 1700 and App for iPhone; SE4; CrossoverGPS; and the Moov Series: S501, S401, M400, M300, 500, 310, 300, 210, and continues to do so, all without authority from the patent holder. On information and belief, these devices are designed to perform a method that includes steps of calculating, on an electronically-stored map, an optimal path between a starting point and a destination, calculating on said map a present position of a vehicle, transmitting a plurality of instructions for following said optimal path from said present position to said destination, said transmitting being responsive to a request by an operator for performing said transmitting prior to traveling on said optimal path, displaying said plurality of instructions sequentially, and calculating and selecting an alternate optimal path responsive to a request from said operator of said vehicle. Indeed, the user manuals associated with these devices provide instructions that allow the user to cause the devices to perform such a method.

11. MiTAC has directly infringed, contributorily infringed, and/or induced the infringement of the method claims, including but not limited to Claim 3, of the '060 Patent and continues to do so.

12. MiTAC was put on notice of the '060 Patent and its infringing activities in a letter dated May 12, 2009. Since May 12, 2009, MiTAC has continued its activities despite an objectively high likelihood that its actions constitute infringement of the '060 Patent. Therefore,

on information and belief, MiTAC's infringing activities have been and are willful and deliberate.

13. VGTI has been and will continue to be damaged and irreparably injured unless this Court enjoins MiTAC's infringing activities.

## CLAIM II – INFRINGEMENT OF U.S. PAT. NO. 5,654,892

14. The allegations contained in Paragraphs 1 through 13 above are incorporated herein by reference.

15. On August 5, 1997, the United States Patent Office duly and lawfully issued United States Patent No. 5,654,892 entitled "Navigation System Displaying Forthcoming Turns" (hereinafter referred to as "the '892 Patent").

16. VGTI is the lawful owner of all right, title, and interest in and to the '892 Patent, including the right to sue for and recover for infringement thereof. The term of the '892 Patent has not expired. A true and correct copy of the '892 Patent is attached hereto as Exhibit C.

17. MiTAC has made, used, offered to sell, sold, and/or imported into the United States navigation systems embodying the patented invention, including at least Maestro Series: 3100, 3140, 3200, 3210, 3220, 3225, 3250, 4000, 4040, 4050, 4200, 4210, 4220, 4250, 4350, 4370, 4700 and 5310; the RoadMate Series: 1200, 1210, 1212, 1220, 1340, 1400, 1412, 1420, 1424, 1430, 1440, 1445T, 1470, 1475T, 1700 and App for iPhone; SE4; CrossoverGPS; and the Moov Series: S501, S401, M400, M300, 500, 310, 300, 210, and continues to do so, all without authority from the patent holder. These devices are designed to perform a method that includes steps of continuously computing a plurality of successive directions of advance until a vehicle reaches a destination point, said computing being initiated at one of a predetermined time or a predetermined distance before said vehicle reaches an upcoming turning point from a current

direction of advance, creating an arrow icon that represents said current direction of advance and at least a first and a second direction of advance of said vehicle to be followed beginning at said upcoming turning point, and displaying said arrow icon before said vehicle reaches said upcoming turning point.  Indeed, the user manuals associated with these devices provide instructions that allow the user to cause the devices to perform such a method.

18. MiTAC has directly infringed, contributorily infringed, and/or induced the infringement of the method claims, including but not limited to Claim 8, of the '892 Patent and continues to do so.

19. MiTAC was put on notice of the '892 Patent and its infringing activities in a letter dated May 12, 2009.  Since May 12, 2009, MiTAC has continued its activities despite an objectively high likelihood that its actions constitute infringement of the '892 Patent.  Therefore, on information and belief, MiTAC's infringing activities have been and are willful and deliberate.

20. VGTI has been and will continue to be damaged and irreparably injured unless this Court enjoins MiTAC's infringing activities.

### CLAIM III – INFRINGEMENT OF U.S. PAT. NO. 5,832,408

21. The allegations contained in Paragraphs 1 through 20 above are incorporated herein by reference.

22. On November 3, 1998, the United States Patent Office duly and lawfully issued United States Patent No. 5,832,408 entitled "Method and Apparatus for Selecting a Destination in a Vehicle Navigation System" (hereinafter referred to as "the '408 Patent").

23. VGTI is the lawful owner of all right, title, and interest in and to the '408 Patent, including the right to sue for and recover for infringement thereof. The term of the '408 Patent has not expired. A true and correct copy of the '408 Patent is attached hereto as Exhibit D.

24. MiTAC has made, used, offered to sell, sold, and/or imported into the United States navigation systems embodying the patented invention, including at least the Maestro Series: 3100, 3140, 3200, 3210, 3220, 3225, 3250, 4000, 4040, 4050, 4200, 4210, 4220, 4250, 4350, 4370, 4700 and 5310; the RoadMate Series: 1200, 1210, 1212, 1220, 1340, 1400, 1412, 1420, 1424, 1430, 1440, 1445T, 1470, 1475T, 1700 and App for iPhone; SE4; CrossoverGPS; and the Moov Series: S501, S401, M400, M300, 500, 310, 300, 210, and continues to do so, all without authority from the patent holder. On information and belief, these devices are designed to perform a method for selecting a destination in a vehicle navigation system wherein the system comprises a display, a selection control and an alphanumeric input means, and wherein the system employs a plurality of categories of destinations, each category corresponding to a list of destinations, the method comprising the steps of: where a first selection signal corresponding to a first category is generated by the selection control, displaying a first list of destinations corresponding to the first category; and selecting a first destination from the first list in response to a second selection signal generated by the selection control; and where an alphanumeric input signal is received via the alphanumeric input means, displaying a second list of destinations corresponding to the alphanumeric input signal, the second list of destinations being generated by searching across the plurality of categories of destinations; and selecting a second destination from the second list in response to a third selection signal generated by the selection control. Indeed, the user manuals associated with these devices provide instructions that allow the user to cause the devices to perform such a method.

25. MiTAC has directly infringed, contributorily infringed, and/or induced the infringement of the method claims, including but not limited to Claim 1, of the '408 Patent and continues to do so.

26. MiTAC was put on notice of the '408 Patent and its infringing activities in a letter dated May 12, 2009. Since May 12, 2009, MiTAC has continued its activities despite an objectively high likelihood that its actions constitute infringement of the '408 Patent. Therefore, on information and belief, MiTAC's infringing activities have been and are willful and deliberate.

27. VGTI has been and will continue to be damaged and irreparably injured unless this Court enjoins MiTAC's infringing activities.

### CLAIM IV – INFRINGEMENT OF U.S. PAT. NO. 5,987,375

28. The allegations contained in Paragraphs 1 through 27 above are incorporated herein by reference.

29. On November 16, 1999, the United States Patent Office duly and lawfully issued United States Patent No. 5,987,375 entitled "Method and Apparatus for Selecting a Destination in a Vehicle Navigation System" (hereinafter referred to as "the '375 Patent").

30. VT, LLC is the lawful owner of all right, title, and interest in and to the '375 Patent, including the right to sue for and recover for infringement thereof. The term of the '375 Patent has not expired. A true and correct copy of the '375 Patent is attached hereto as Exhibit E.

31. MiTAC has made, used, offered to sell, sold, and/or imported into the United States its Maestro Series 5310 navigation system, and continues to do so, all without authority from the patent holder. On information and belief, this device is designed to perform a method

that includes steps of selecting a first destination in response to selection of the first destination by a user of a vehicle navigation system, without user intervention, determining whether the first destination belongs to a specific category, and without user intervention, including the first destination in a destination history only where the first destination belongs to the specific category.

32. MiTAC has made, used, offered to sell, sold, and/or imported into the United States, and continues to do so, all without authority from the patent holder, navigation systems including at least the following devices: the Maestro Series: 3100, 3140, 3200, 3210, 3220, 3225, 3250, 4000, 4040, 4050, 4200, 4210, 4220, 4250, 4350, 4370 and 4700; the RoadMate Series: 1200, 1210, 1212, 1220, 1340, 1400, 1412, 1420, 1424, 1430, 1440, 1445T, 1470, 1475T, 1700 and App for iPhone; SE4; CrossoverGPS; and the Moov Series: S501, S401, M400, M300, 500, 310, 300, 210.  After a reasonable opportunity for further investigation or discovery, there likely will be evidentiary support that such devices are designed to perform the same method as the Maestro Series 5310 device, as set forth in Paragraph 31.

33. MiTAC has directly infringed, contributorily infringed, and/or induced the infringement of at least the method claims, including but not limited to Claim 1, of the '375 Patent and continues to do so.

34. MiTAC was put on notice of the '375 Patent in a letter dated May 12, 2009 and of its infringing activities on February 16, 2010.  Since at least February 16, 2010, MiTAC has continued its activities despite an objectively high likelihood that its actions constitute infringement of the '375 Patent.  Therefore, on information and belief, MiTAC's infringing activities have been and are willful and deliberate.

35. VT, LLC has been and will continue to be damaged and irreparably injured unless

this Court enjoins MiTAC's infringing activities.

## RELIEF SOUGHT

VGTI and VT, LLC respectfully seek that the Court grant the following relief:

A. Enter judgment for VGTI and against MiTAC for infringement of the '060 Patent;

B. Enter judgment for VGTI and against MiTAC for infringement of the '892 Patent;

C. Enter judgment for VGTI and against MiTAC for infringement of the '408 Patent;

D. Enter judgment for VT, LLC and against MiTAC for infringement of the '375 Patent;

E. Enter judgment that the infringement of MiTAC was and is willful;

F. Permanently enjoin MiTAC, its officers, directors, principals, agents, sales representatives, servants, employees, successors, assigns, affiliates, subsidiaries and all those acting in concert or participation with them, from directly or indirectly infringing, inducing infringement or contributing to the infringement of any claim of the '060 Patent, the '892 Patent, the '408 Patent or the '375 Patent;

G. Enter judgment in favor of VGTI and VT, LLC against MiTAC for an amount that will adequately compensate it for MiTAC's infringement, but under no circumstances an amount less than a reasonable royalty for MiTAC's use of VGTI's and VT, LLC's patented inventions;

H. Enter judgment in favor of VGTI and VT, LLC and against MiTAC for pre-judgment interest on all damages awarded;

I. Enter judgment in favor of VGTI and VT, LLC and against MiTAC for three times the amount of damages pursuant to 35 U.S.C. § 284 because of their willful infringement;

J. Enter judgment in favor of VGTI and VT, LLC and against MiTAC for VGTI's and VT, LLC's attorneys' fees and costs pursuant to 35 U.S.C. § 285;

K. Enter judgment in favor of VGTI and VT, LLC and against MiTAC for VGTI's and VT, LLC's costs of suit; and

L. Enter such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

VGTI and VT, LLC request a trial by jury.

This 5th the day of May, 2010.

 s/Scott A. Wolfson
WOLFSON BOLTON PLLC
3150 Livernois, Suite 275
Troy, Michigan 48083
(248) 247-7103
swolfson@wolfsonbolton.com
P53194

*Pending admission under
E.D. Mich. LR 83.20

Richard M. McDermott*
rick.mcdermott@alston.com
William M. Atkinson*
william.atkinson@alston.com
Jeffrey M. Connor*
jeffrey.connor@alston.com
Jitendra Malik*
jitty.malik@alston.com
ALSTON & BIRD LLP
Bank of America Plaza
101 South Tryon Street,
Suite 4000
Charlotte, North Carolina 28280-4000
(704) 444-1000 - Telephone
(704) 444-1111 - Facsimile

**Attorneys for Plaintiffs Visteon Global Technologies, Inc. and Visteon Technologies, LLC**