**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| VISTEON GLOBAL TECHNOLOGIES, INC. and VISTEON TECHNOLOGIES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> MITAC INTERNATIONAL CORP. AND MITAC DIGITAL CORP. <br><br> Defendants. | Civil Action No.: 2:10-cv-11828-PDB-MAR |

**JOINT RULE 26(f) REPORT OF
PLAINTIFFS VISTEON GLOBAL TECHNOLOGIES, INC. AND VISTEON
TECHNOLOGIES, LLC AND DEFENDANTS MITAC INTERNATIONAL CORP. AND
MITAC DIGITAL CORP.**

Pursuant to Fed. R. Civ. P. 26(f), a meeting was held by telephone on Friday, November 12, 2010, and was attended by Rick M. McDermott, Alston & Bird LLP, for Plaintiffs Visteon Global Technologies, Inc. and Visteon Technologies, LLC (collectively "Visteon"), and Steven S. Baik, Orrick, Herrington & Sutcliffe LLP, for Defendants MiTAC International Corp. and MiTAC Digital Corp. ("MiTAC").

**DISCOVERY PLAN**. THE UNDERSIGNED PARTIES JOINTLY PROPOSE TO THE COURT THE FOLLOWING DISCOVERY PLAN:

**1. Initial Disclosures.** Each side will exchange initial disclosures in accordance with Rules 26(a)(1) and 26(a)(1)(C) by January 17, 2011.

**2. Discovery Areas.** Discovery will be needed on the following subjects:

**A.   Visteon's Discovery Areas.**  Visteon's allegations that MiTAC has infringed and is infringing Visteon's U.S. Patent Nos. 5,440,060, 5,654,892, 5,832,408, and 5,987,375 (collectively, the "patents-in-suit").

**B.   MiTAC's Discovery Areas.**  MiTAC's allegations that the patents-in-suit are invalid and unenforceable.

**C.   Remedies Discovery.**  Remedies requested by Visteon, including damages at issue in this action.

**D.   Discovery Deadlines.**  All fact discovery shall be completed by September 2, 2011.  All expert discovery shall be completed on by November 4, 2011.

**E.   Discovery Limits.**

   **i.   Depositions.**  Each side may take up to twelve (12) nonexpert depositions (exclusive of any Rule 30(b)(6) depositions) with a maximum time limit of seven (7) hours per deposition unless extended by agreement of the parties or by Court order.  The parties acknowledge the difficulty of predicting the number of depositions that may be necessary to adequately prepare their case and agree to confer should the need for more than the proposed number of depositions arise for any party.  The parties respectfully request permission to exceed the deposition limit without leave of Court should counsel mutually agree to such additional depositions.

   **ii.   Requests for Admission.**  The parties may serve an unlimited number of requests for admission seeking to establish the authenticity or admissibility of documents.  All requests seeking to establish authenticity or admissibility shall clearly be identified as such, and the parties shall attempt to seek stipulations regarding the authenticity of

documents. Additionally, each side may serve up to fifty (50) requests for admission that are not related to the authenticity or admissibility of documents on the other side.

For purposes of this Report, Visteon Global Technologies, Inc. and Visteon Technologies, LLC are collectively referred to as one side, and MiTAC International Corp. and MiTAC Digital Corp. are collectively referred to as the other side.

    3.    **Infringement and Invalidity Contentions.**

        A.    **Infringement Contentions.** By January 31, 2011, Visteon will provide MiTAC with its preliminary infringement contentions. Visteon's infringement contentions shall include: (a) each claim of each patent in suit that is allegedly infringed by MiTAC; (b) separately for each asserted claim, identification of each accused product, apparatus, device, process, method, act, or other instrumentality ("Accused Instrumentality") with as much specificity as possible; (c) a chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function; (d) whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality and, for any claim under the doctrine of equivalents, an explanation of each function, way, and result that is equivalent and why any differences are not substantial; (e) for each claim that is allegedly indirectly infringed, an identification of any direct infringement and a description of the acts of MiTAC that allegedly contribute to or induce that direct infringement; and (f) the priority date to which each asserted claim is allegedly entitled.

        B.    **Invalidity and Unenforceability Contentions.** By March 15, 2011, MiTAC will provide Visteon with its preliminary invalidity contentions. MiTAC's invalidity

contentions shall include: (a) the identity of each item of prior art or other activity that allegedly anticipates each asserted claim under 35 U.S.C. 102(a)-(g) or renders it obvious; (b) whether each item of prior art anticipates each asserted claim or renders it obvious and, if a combination renders it obvious, each such combination and the reasons to combine such items to the extent such are required under the relevant authority.  *See e.g*., *KSR Int'l v. Teleflex Inc.*, 550 U.S. 398 (2007); (c) a chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that MiTAC contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and (d) any grounds of invalidity based on indefiniteness, enablement, written description, best mode (to the extent MiTAC learns of grounds for invalidity based on best mode requirements, MiTAC will supplement its contentions as soon as practical upon learning of such grounds), double patenting (statutory or obviousness-type) or any other basis for invalidity.  To the extent MiTAC alleges any of the asserted claims or patents are unenforceable, MiTAC shall identify the acts allegedly supporting all bases for the assertion of unenforceability.

    **C.**  **Final Contentions.**  July 1, 2011, Visteon will provide MiTAC with its final infringement contentions (in the manner above described) and MiTAC will provide Visteon with its final invalidity contentions (in the manner above described).

  **4.**  **Claim Construction.**

    **A.**  **Preliminary Constructions.**  April 15, 2011, the sides shall simultaneously exchange a list of claim terms, phrases, or clauses which that side contends should be construed by the Court, and their proposed claim construction of those terms, phrases, or clauses as well as identify any claim element that the side contends should be governed by 35

U.S.C. § 112(6).  Each such "Preliminary Claim Construction" shall also, for each element that any side contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) in the specification corresponding to that element.

At the same time the sides exchange their respective "Preliminary Claim Constructions," they shall each also provide a preliminary identification of extrinsic evidence, including, without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend support their respective claim constructions.  The parties shall identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced.  With respect to any such witness, percipient or expert, the sides shall also provide a brief description of the substance of that witness's proposed testimony.  The sides shall thereafter meet and confer for the purpose of finalizing this list, narrowing or resolving differences, and facilitating the ultimate preparation of a "Joint Claim Construction Statement."

      **B.**    **Joint Claim Construction Statement.**  By May 16, 2011, the sides shall complete and file a Joint Claim Construction Statement.  The Joint Claim Construction Statement shall contain the following information:

      **i.**    The construction of those claim terms, phrases, or clauses on which the parties agree;

      **ii.**    Each party's proposed construction of each disputed claim term, phrase, or clause, together with an identification of all references from the specification and/or prosecution history that support its proposed construction of the claim or to oppose any other party's proposed construction of the claim;

LEGAL02/32267480v1

    iii. The anticipated length of time necessary for the claim construction hearing;

    iv. Whether any side proposes to call one or more witnesses, including experts, at the claim construction hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.  No other Rule 26 report or disclosure shall be required for testimony directed solely towards claim construction.

   **C.** **Depositions of Claim Construction Witnesses.**  Each side shall complete the deposition of any witness identified in the Joint Claim Construction Statement by June 17, 2011.  Any deposition taken for purposes of claim construction will not count against a side's deposition limit and shall be limited to claim construction topics.

   **D.** **Claim Construction Briefing.**  The deadline for each side to submit its opening claim construction brief, if so necessary, on any disputed claims and claim elements shall be July 1, 2011.  Each side's opening claim construction brief shall not exceed thirty (30) pages.  Each side shall file and serve a responsive brief by July 21, 2011.  Each side's responsive brief shall not exceed twenty (20) pages.  Further briefing will not be permitted.  To the extent necessary, and subject to the convenience of the Court's calendar, a claim construction hearing shall be held.

 **5.** <u>**Expert Discovery.**</u>  Reports from retained experts under Rule 26(a)(2) are due during the discovery period as follows:

   **A.** **Opening Expert Reports.**  By September 16, 2011, each side must submit expert reports required by Fed. R. Civ. P 26(a)(2) concerning issues on which each side bears the burden of proof at trial.

    **B.**  **Rebuttal Expert Reports.**  By October 14, 2011, each side must submit rebuttal reports within the meaning of Fed. R. Civ. P. 26(a)(2).

  **6.**  **Supplementation.**  Supplementations under Rule 26(e) are due in the normal course.

  **7.**  **Dispositive Motions.**  Pursuant to Rule 56, Fed. R. Civ. P., each side shall file and serve all dispositive motions, supporting briefs, and statement of material facts by December 2, 2011.  All responsive briefs must be filed by December 22, 2011.  All reply briefs must be filed by January 11, 2012.

  **8.**  **Mediation.**

  **9.**  **Preliminary Deposition Schedule.**  The parties will generally endeavor to conduct nonexpert discovery during the fact discovery period (with the exception of claim construction expert testimony) and expert discovery during the two (2) months of the expert discovery period.  The parties will update this schedule at reasonable intervals.

  **10.**  **Remainder of Schedule.**  The parties agree to confer within ten (10) days after the Court enters its Markman Order to discuss this discovery plan and confer on a proposal for the pretrial schedule.

  **11.**  **Other Items.**

    **A.**  **Amending Pleadings.**  Visteon and MiTAC should be allowed until July 1, 2011, to request leave to join additional parties or amend pleadings.   After these dates, the Court will consider whether the granting of leave would delay trial.

    **B.**  **Privilege Log.**  The parties agree to provide a privilege log consistent with their obligations under Rule 26(b)(5), Fed. R. Civ. P., up to and including the date of the filing of the Complaint (5/5/2010), but no further.

    **C.**  **Expert Discovery.**  The parties agree that drafts of expert reports and declarations, notes created by or for an expert in connection with preparation of his or her report or declaration, and written communications between a party's attorney and such party's expert, shall not be discoverable and need not be preserved unless the expert replies on such drafts and/or notes and/or written communications and such reliance is made explicit in the expert's report, declaration, or testimony.

    **D.**  **Document Production.**  The parties will produce documents as single-page TIFF images including boundary files designating separate documents, accompanying OCR text files, and Concordance load files.  Excel spreadsheets and similar materials that require native format to be reasonably usable shall be produced in native format unless redaction issues make it infeasible to do so.  The parties will preserve metadata but will not produce metadata unless good cause is shown.  To the extent source code is relevant and responsive, the parties will produce a password-protected noncopyable disc that shall only be available to outside counsel until a protective order is entered in this case.  Upon review of the source code, a side may request in writing that specific portions of the source code be produced in hard-copy printout and the number of copies (no more than three copies).  A side **shall not** make additional copies.  The hard-copy printouts shall only be used for the purposes of depositions, expert reports, briefing to the Court, hearings before the Court, and trial.  The parties are currently negotiating a protective order, and each side intends for the protective order to more fully develop the protections for source code.  Notwithstanding the provisions of this paragraph, a party may choose to produce any of its documents in their native format.

    **E.**  **Magistrate Judge.**  The parties have discussed special procedures for managing this case, including reference of the case to a magistrate judge on consent of the

parties under 28 U.S.C. § 636(c), or appointment of a master:  The parties prefer management and trial of the case by an Article III Judge.

      **F.**     **Protective Order.**  As mentioned above, the parties are currently negotiating a protective order, which will fully address the issues identified in Rule 26(f)(3)(D).

      **G.**     **Further Limitations.**  The parties agree that no additional limitations for discovery are required pursuant to Rule 26(f)(3)(E).

      **H.**     **Opinions of Counsel.**  MiTAC shall produce any opinions of counsel (and all associated communications and documents under applicable law by June 3, 2011.  If MiTAC does not make the necessary production by June 3, 2011, MiTAC shall be barred from asserting the reliance of counsel defense.

      IT IS SO ORDERED, with the consent of the parties this ___day of ___, 2010

      _____
      The Honorable Paul D. Borman
      United States District Judge

LEGAL02/32267480v1

Dated:  December 7, 2010

Respectfully submitted,

By: /s/ Scott A. Wolfson
Scott A. Wolfson (P53194)
swolfson@wolfsonbolton.com
WOLFSON BOLTON PLLC
3150 Livernois, Suite 275
Troy, Michigan 48083
Telephone: 248.247.7103
Facsimile: 248.247.7099

Richard M. McDermott
Rick.mcdermott@alston.com
William M. Atkinson
William.atkinson@alston.com
Jeffrey M. Connor
Jeffrey.connor@alston.com
Jitendra Malik
Jitty.malik@alston.com
ALSTON & BIRD LLP
Bank of America Plaza
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280-4000
Telephone: 704.444.1000
Facsimile: 704.444.111

*Counsel for Plaintiffs Visteon Global Technologies, Inc. and Visteon Technologies LLC*

By: /s/ Herschel P. Fink (w/ consent)
Herschel P. Fink (P13427)
hfink@honigman.com
HONIGMAN MILLER SCHWARTZ AND COHN LLP
2290 First National Building
Detroit, Michigan 48226
Telephone: 313.465.7000

Steven S. Baik
sbaik@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1020 Marsh Road
Menlo Park, California 94025-1015
Telephone: 650.614.7616
Facsimile: 650.614.7401

*Counsel for Defendants MiTAC International Corp. and MiTAC Digital Corp.*